IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Reed,<br><br>               Petitioner,<br><br>v.<br><br>G Fizer, et al.,<br><br>               Respondents. | No. CV-14-08214-PCT-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Amended Report and Recommendation ("R&R") issued by United States Magistrate Judge James F. Metcalf (Doc. 14) filed on October 1, 2015. The Petitioner asserts four grounds for relief, which Judge Metcalf summarized as follows:

> In **Ground One**, Petitioner alleges that his Fifth, Eighth, and Fourteenth Amendment rights were violated when the trial court "blocked/lost/refused to file" his notice of post-conviction relief. In **Ground Two**, Petitioner alleges that his sentence was unlawfully aggravated, in violation of his First, Fifth, Eighth, Ninth, and Fourteenth Amendments. He argues in **Ground Three** that he was denied due process when the trial court refused to allow a delayed request for postconviction relief pursuant to Rule 60(c) and when his request for a new judge was denied by the presiding judge of the Superior Court. In **Ground Four**, Petitioner asserts that his due process rights were violated when the trial court denied his writ of coram nobis.

R & R (Doc. 14 at 6:4-9) (citation omitted). Following a detailed and thorough analysis, Judge Metcalf recommended that Petitioner's Petition for Writ of Habeas Corpus be

dismissed or, alternatively, denied on the merits.  As to ground two, Judge Metcalf found it to be barred by the habeas statute of limitations.  (Doc. 14 at 7-12).  Alternatively, even if timely, Judge Metcalf found that ground two was without merit.  (*Id*. at 30-36).  Judge Metcalf further found that Petitioner's federal claims in grounds one, three and four were procedurally defaulted.  (*Id*. at 22-29).  And, once again alternatively examining the merits, Judge Metcalf concluded that there was no merit to any of the federal claims asserted in grounds one, three and four.  (*Id*. at 29-30).  Accordingly, Judge Metcalf recommends that  the Petition be dismissed, or alternatively, denied on the merits. (*Id*. at 39).

In so recommending, Judge Metcalf explicitly advised the parties that they had "fourteen (14) days from the date of service of a copy of" that R&R "within which to file specific objections with the Court."   (Doc. 14 at 39:23-24) (citation omitted).  Further, Judge Metcalf explicitly advised that "[f]ailure to file timely objections to any factual or legal determinations of the Magistrate Judge will be considered a *waiver* of a party's right to *de novo* consideration of those issues[.]" (*Id.* at 39:26-28) (emphasis added) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)).  Judge Metcalf was equally explicit that such failure "will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered  pursuant  to  the  recommendation  of  the  Magistrate  Judge[.]"   (*Id.* at 40:1-4) (citing *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir.  2007)).

In accordance with the foregoing, the parties had until October 19, 2015, by which to timely file objections to the R & R.  The parties did not do so.  Instead, on October 23, 2015, after the expiration of the 14 day time frame which Fed.R.Civ.P. 72(b) imposes, and of which Judge Metcalf plainly advised the parties, Petitioner filed a "Response" to the R & R, which the Court deems to be Petitioner's objections (Doc. 15).  Petitioner was explicitly advised, not once, but twice, of this time frame and the consequences of non-compliance.[1]  Given these untimely objections, Petitioner has waived his right to *de novo*

---

[1]   This is an Amended R & R as noted at the outset.  The significance of this is

review of the issues as noted above.

Absent any timely objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia*, 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R, deny the Petition and dismiss this matter with prejudice. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED ACCEPTING AND ADOPTING** as an Order of this Court Magistrate Judge Metcalf's R&R (Doc. 14);

**IT IS FURTHER ORDERED DENYING AND DISMISSING WITH PREJUDICE** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1);

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because dismissal of the Petition is justified, in part, by a plain procedural bar and jurists of reason would not find the procedural rulings debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right; and

. . . .

. . . .

. . . .

---

that in the original R & R, Judge Metcalf provided the parties with the same time frames and consequences with respect to the filing of objections. R & R (Doc. 11 at 38:7-20). What is more, Petitioner evinced his understanding of the foregoing by timely filing objections to the original R & R (Doc. 12).

- 3 -

1  **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 26th day of October, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　　　　　　　Honorable Diane J. Humetewa
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge